IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH DANIEL PALMER, #224480         *
      Plaintiff,
  v.                                                           *      CIVIL ACTION NO. JKB-15-2050

WARDEN TYRONE CROWDER, et al.          *
      Defendants.
                                                *****

## **MEMORANDUM**

On July 13, 2015, plaintiff Kenneth Daniel Palmer, who was formerly detained at the Maryland Reception Diagnostic and Classification Center ("MRDCC"),[1] filed this 42 U.S.C. § 1983 civil rights action for compensatory and punitive damages of $250,000.00. ECF No. 1. This represents the seventh civil action filed by Palmer in this court since April of 2015, with three of the cases on the active docket.[2] He names the former Warden at MRDCC, Tyrone Crowder, as defendant and claims that he was falsely arrested and imprisoned from July 16, 2013, through October 25, 2013, for an "alleged violation of mandatory parole." *Id*. He asserts that the arrest was unlawful because "the violation had only been speculated and not supported by facts" as it was due to his being charged with a "simple arrest of a criminal offense of second-degree assault," which was dismissed against him in December of 2013. Palmer has filed a motion for leave to proceed in forma pauperis which shall be granted. His complaint against former Warden Crowder, shall, however, be

---

[1] According to one of Palmer's other cases, on or about July 8, 2015, he was transferred to the Eastern Correctional Institution-West Compound. *See Palmer v. Griffith, et al.*, Civil Action No. JKB-15-1586 (D. Md.) at ECF No. 10. The Clerk shall enter this new address on the docket.

[2] In addition to the instant case, since April 10, 2015, Palmer has filed the following cases: *Palmer v. The Maryland Parole Com'n*, Civil Action No. JKB-15-1068 (D. Md.); *Palmer v. Risko*, Civil Action No. JKB-15-1549 (D. Md.); *Palmer v. Griffith, et al.*, Civil Action No. JKB-15-1586 (D. Md.); *Palmer v. Maryland Pariole Com'n*, Civil Action No. JKB-15-1668 (D. Md.); *Palmer v. Pate*, Civil Action No. JKB-15-1669 (D. Md.); and *Palmer v. Fisher*, Civil Action No. JKB-15-1964 (D. Md.).

dismissed for the failure to state a claim.

Palmer provides no particulars regarding the basis and outcome of his parole violation charge(s). His civil rights claim for damages, which raises challenges to the constitutionality of his incarceration, is not appropriate unless and until his revocation charges have been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). His allegation, which is tantamount to a Fourteenth Amendment claim, is barred by the rule announced in *Heck*, as a judgment in Palmer's favor would necessarily imply the invalidity of his criminal detention. The *Heck* bar applies to proceedings that call into question the fact or duration of parole or probation. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Therefore, in the absence of specific background information regarding Palmer's 2013 parole violation charges, a complaint for damages is barred under the rule of *Heck*.

Moreover, Palmer has failed to allege how former Warden Crowder, the only named defendant, personally participated in violating his rights under the law. Under § 1983, individual liability must be based on personal conduct. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegal,* 118 F.3d 1416, 1423 (10th Cir. 1997). Further, in the absence of subjective knowledge, a prison official is not liable. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *see Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998).

Further, under *Shaw v. Stroud,* 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach to a prison administrator under § 1983 if a plaintiff can establish three elements. These are (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate

indifference to or tacit authorization of the alleged offensive practices' "; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* at 799 (citations omitted).  Under the first prong of *Shaw,* the conduct engaged in by the supervisor's subordinates must be "pervasive," meaning that the "conduct is widespread, or at least has been used on several different occasions." *Id.*  Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily…cannot satisfy his burden of proof by pointing to a single incident or isolated incidents ... for a supervisor cannot be expected ... to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Slakan v. Porter,* 737 F.2d 368, 373 (4th Cir. 1984).  Deliberate indifference, however, may be satisfied by showing "[a] supervisor's continued inaction in the face of documented widespread abuses." *Id.*  Palmer's complaint does not plausibly allege such a claim.

      For the aforementioned reasons, Palmer's motion for leave to proceed in forma pauperis is granted.  The complaint shall, however, be dismissed without prejudice.


Date: July 20, 2015                     _____/s/_____
                                         James K. Bredar
                                         United States District Judge